**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

CRYSTAL CHERRY,                          :
                                         :      Civil Action No. 09-4643 (SDW)
                Plaintiff,               :
                                         :
           v.                            :      **OPINION**
                                         :
RAUL BALIGA,                             :
                                         :
                Defendant.               :

**APPEARANCES:**

Plaintiff <u>pro</u> <u>se</u>
Crystal Cherry
Greystone Hospital
59 Koch Avenue, Wing - D2
Morris Plains, NJ 07950

**WIGENTON,** District Judge

    Plaintiff Crystal Cherry, a civilly-committed mental patient confined at Greystone Hospital in Morris Plains, New Jersey, seeks to bring this action <u>in</u> <u>forma</u> <u>pauperis</u> pursuant to 42 U.S.C. § 1983, alleging violations of her constitutional rights. Based on her affidavit of indigence, the Court will grant Plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

    At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be

granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I.  BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff alleges that, at a status hearing with respect to her commitment, Defendant Dr. Raul Baliga falsely testified that Plaintiff had punched another patient.  Plaintiff alleges that, as a result of this testimony, she was ordered to remain at Greystone Hospital, rather than be released or transferred to another facility.  The Court construes this as a claim that Plaintiff was deprived of liberty without due process.[1]

In addition, Plaintiff seeks to assert state law claims for medical malpractice against Defendant Dr. Baliga.

Plaintiff seeks compensatory and punitive damages.

## II.  STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C.

---

[1] The Court does not construe the Complaint as challenging the constitutionality of Plaintiff's present confinement.  In any event, any such challenge must be brought as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254 following exhaustion of state remedies.

§ 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

A complaint must plead facts sufficient at least to "suggest" a basis for liability. Spruill v. Gillis, 372 F.3d 218, 236 n.12 (3d Cir. 2004). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level ... .

3

Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007)
(citations omitted).

Thus, when assessing the sufficiency of a complaint, the
Court must distinguish factual contentions -- which allege
behavior on the part of the defendant that, if true, would
satisfy one or more elements of the claim asserted -- and
"[t]hreadbare recitals of the elements of a cause of action,
supported by mere conclusory statements." Ashcroft v. Iqbal, 129
S.Ct. 1937, 1949 (2009). Although the Court must assume the
veracity of the facts asserted in the complaint, it is "not bound
to accept as true a legal conclusion couched as a factual
allegation." Id. at 1950. Thus, "a court considering a motion
to dismiss can choose to begin by identifying pleadings that,
because they are no more than conclusions, are not entitled to
the assumption of truth." Id.

A complaint is frivolous if it "lacks an arguable basis
either in law or in fact." Neitzke v. Williams, 490 U.S. 319,
325 (1989) (interpreting the predecessor of § 1915(e)(2), the
former § 1915(d)). The standard for evaluating whether a
complaint is "frivolous" is an objective one. Deutsch v. United
States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

Where a complaint can be remedied by an amendment, a
district court may not dismiss the complaint with prejudice, but
must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34

4

(1992); <u>Grayson v. Mayview State Hospital</u>, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); <u>Shane v. Fauver</u>, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); <u>Urrutia v. Harrisburg County Police Dept.</u>, 91 F.3d 451, 453 (3d Cir. 1996).

In addition, a complaint must comply with the Federal Rules of Civil Procedure.  Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 10(b) provides:

> A party must state its claims ... in numbered paragraphs, each limited as far as practicable to a single set of circumstances.  ...  If doing so would promote clarity, each claim founded on a separate transaction or occurrence ... must be stated in a separate count or defense.

Rule 20(a)(2) controls the permissive joinder of defendants in pro se prisoner actions as well as other civil actions.

> Persons ... may be joined in one action as defendants if:
>     (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; <u>and</u>
>     (B) any question of law or fact common to all defendants will arise in the action.

(emphasis added).  <u>See</u>, <u>e.g.</u>, <u>Pruden v. SCI Camp Hill</u>, 252 Fed.Appx. 436 (3d Cir. 2007); <u>George v. Smith</u>, 507 F.3d 605 (7th Cir. 2007).

III.   <u>SECTION 1983 ACTIONS</u>

A plaintiff may have a cause of action under 42 U.S.C.
§ 1983 for certain violations of his constitutional rights.
Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,
> any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must
allege, first, the violation of a right secured by the
Constitution or laws of the United States and, second, that the
alleged deprivation was committed or caused by a person acting
under color of state law.[2] <u>West v. Atkins</u>, 487 U.S. 42, 48
(1988); <u>Piecknick v. Pennsylvania</u>, 36 F.3d 1250, 1255-56 (3d Cir.
1994).

IV.   <u>ANALYSIS</u>

Witnesses, including governmental witnesses, are absolutely
immune from civil damages based upon their testimony.  <u>See
generally</u> <u>Briscoe v. LaHue</u>, 460 U.S. 325, 341-46 (1983).

> [T]he common law provided absolute immunity from
> subsequent damages liability for all persons-
> governmental or otherwise-who were integral parts of

---

[2] It is not clear whether Dr. Baliga is a state actor for
purposes of § 1983.  In light of the disposition of this matter,
however, it is not necessary to resolve this issue.

the judicial process. It is equally clear that § 1983
does not authorize a damages claim against private
witnesses ... .

...

[A witness] he is subject to compulsory process, takes
an oath, responds to questions on direct examination
and cross-examination, and may be prosecuted
subsequently for perjury.

...

Moreover, to the extent that traditional reasons for
witness immunity are less applicable to governmental
witnesses, other considerations of public policy
support absolute immunity more emphatically for such
persons than for ordinary witnesses. Subjecting
government officials, such as police officers, to
damages liability under § 1983 for their testimony
might undermine not only their contribution to the
judicial process but also the effective performance of
their other public duties.

Briscoe v. LaHue, 460 U.S. at 335, 342-43 (footnotes omitted).

Thus, any § 1983 claims against Dr. Baliga based upon his

testimony in a judicial proceeding must be dismissed with

prejudice on the grounds of absolute immunity.

Pursuant to 28 U.S.C. § 1367(c)(3), where a district court

has dismissed all claims over which it has original jurisdiction,

it may decline to exercise supplemental jurisdiction over a

related state law claim.  The Court of Appeals for the Third

Circuit has held that, where all federal claims are dismissed

before trial, "the district court must decline to decide the

pendent state claims unless considerations of judicial economy,

convenience, and fairness to the parties provide an affirmative

justification for doing so." <u>Hedges v. Musco</u>, 204 F.3d 109, 123
(3d Cir. 2000) (citations omitted).  As no such extraordinary
circumstances appear to be present, this Court will dismiss the
state law claims without prejudice.

V.  <u>CONCLUSION</u>

For the reasons set forth above, the Complaint must be
dismissed in its entirety.  It does not appear that amendment
could cure the deficiencies noted herein.  An appropriate order
follows.


<u>S/Susan D. Wigenton</u>
Susan D. Wigenton
United States District Judge

Dated: September 15, 2009